**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Liwen Hsu,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-21-00483-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Karen Liwen Hsu's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 23, "Def. Br."), and Plaintiff's Reply (Doc. 26, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now remands the Administrative Law Judge's decision (R. at 17–29) as upheld by the Appeals Council (R. at 1–3).

**I.     BACKGROUND**

Plaintiff filed an application for Title II Disability Insurance Benefits on October 10, 2017, for a period of disability beginning August 18, 2016. (R. at 20.) Plaintiff's claims were denied initially on January 26, 2018 (R. at 80–83), and upon reconsideration on June 8, 2018 (R. at 20).

On January 24, 2020, Plaintiff testified at a hearing held before an Administrative Law Judge ("ALJ"). (R. at 20, 35–54.) Upon considering the medical records, opinions, and testimony, the ALJ denied Plaintiff's Applications on April 14, 2020. (R. at 29.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 18, 2016. (R. at 22.) The ALJ further determined that Plaintiff had the following medically determinable impairments: Valley Fever (also known as coccidioidomycosis), chronic fatigue disorder, insomnia, and a mood disorder. (R. at 22.) However, the ALJ determined that Plaintiff's impairments were non-severe. (R. at 23.) The ALJ then considered Plaintiff's residual functional capacity ("RFC") and found that Plaintiff's impairments "could reasonably be expected to produce some of the alleged symptoms," but are inconsistent with Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms." (R. at 24, 57.) On January 25, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. at 1–3.) On March 22, 2021, Plaintiff filed this action seeking judicial review of the ALJ's decision.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. The issues before the Court for review are: (1) whether the ALJ erred in finding the opinions of Drs. Rehrig and Shekhel unpersuasive and consequently erred in finding Plaintiff's impairment non-severe; and (2) whether the ALJ erred in rejecting Plaintiff's symptom testimony.

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.

*Id*. To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id*. Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

**III.  ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in finding the opinion of Drs. Rehrig and Shekhel unpersuasive and consequently erred in

finding Plaintiff's impairment non-severe; and (2) the ALJ erred in rejecting Plaintiff's symptom testimony. (Pl. Br. at 1, 13.) In its responsive brief, Defendant contests each issue, largely arguing that the ALJ's rejection of Plaintiff's symptom testimony and the opinions of Drs. Rehrig and Shekhel are supported by evidence in the record. (Def. Br. at 25.) In reply, Plaintiff again asserts each of her two arguments and further states that the ALJ failed to connect his conclusions to the evidence in the record. (Reply at 3.) Plaintiff requests the case be remanded for a *de novo* hearing and new decision. (Pl. Br. at 18.)

**A. The ALJ's determination of non-severity is supported by substantial evidence.**

The ALJ's inquiry ended at step two of the five-step analysis with a finding that Plaintiff's medical impairments were non-severe. Plaintiff argues that the ALJ erred by deeming unpersuasive the opinions of Dr. Rehrig, the state agency consultant who prepared the RFC at the reconsideration level, and Dr. Shekhel, Plaintiff's treating physician and infectious disease specialist.[1] (Pl. Br. at 15, 16.) Defendant contends that the ALJ fairly evaluated the opinions of Drs. Rehrig and Shekhel and his determination is supported by substantial evidence. (Def. Br. at 24–25.) Plaintiff does not seem to challenge the ALJ's determination of other medical opinions as persuasive, and therefore the Court will not review those determinations for error. (*See* Def. Br. at 20.)

The Ninth Circuit Court of Appeals interprets the severity requirement as a "*de minimis* screening device" designed to weed out groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment is non-severe if it does not significantly limit the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520(c). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1273 (citing 20 C.F.R. § 404.1520(b) (2014)). Only if the evidence

---

[1] Plaintiff includes a brief discussion of the opinion of Dr. Aaron Thornburg, D.O., pulmonary specialist. (*See* Pl. Br. at 8, 9, 13.) While Plaintiff's reference to Dr. Thornburg appears within her greater argument related to the ALJ's error in rejecting the opinions of Drs. Rehrig and Shekhel, Plaintiff does not appear to make any clear argument that the ALJ also erred in rejecting Dr. Thornburg's opinion. As such, the Court will not determine whether the ALJ erred in this respect.

establishes a "slight abnormality that has no more than a minimal effect on an individual's ability to work" should the ALJ end the inquiry at step two. Soc. Sec. Ruling 85-28; *Smolen*, 80 F.3d at 1290. An ALJ's decision to do so shall be affirmed only where it is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Importantly, the Ninth Circuit no longer accords special deference to a claimant's treating physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. Apr. 22, 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Likewise, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In evaluating the severity of Plaintiff's impairment, the ALJ considered medical records and opinions from Drs. Rehrig and Shekhel. (R. at 25–26.) He also considered the opinions of three non-treating physicians, Drs. Jonathan Mittelman, Kent Crossley, and Angela Kenzslowe (R. at 26, citing to 322–323, 377–381, 1155–1156), and the state agency medical consultant at the initial level, Dr. Stephen Bailey (R. at 25, citing to 70–78).

To begin, Plaintiff argues that the ALJ's determination that the RFC prepared by Dr. Rehrig at the reconsideration level[2] was unpersuasive is erroneous because it is not supported by substantial evidence. (*See* Pl. Br. at 15, citing to R. at 25.) In sum, Dr. Rehrig found that Plaintiff's "fatigue is credible and does limit function to some degree." (R. at 67.) Ultimately, however, Dr. Rehrig opined that Plaintiff's conditions of depression, anxiety and fatigue were "not severe enough . . . and [Plaintiff] can adjust to other work." (R. at 69.) Dr. Rehrig's RFC evaluation concluded that Plaintiff can occasionally carry 25 pounds, frequently carry 10 pounds, stand, walk and sit in a six to eight-hour workday. (R. at 65.) She further found that Plaintiff experiences some postural limitations, including the occasional ability to climb ladders/ropes/scaffolds, kneel, crawl. (R. at 66.) Lastly, Plaintiff experiences some environmental limitations and should avoid extreme heat, fumes, odors, dusts, gases, poor ventilation, and other hazards like machinery and heights. (R. at 66.) Dr. Rehrig concluded that Plaintiff "has some limitations in [her] ability to perform work related activities," but the impairments are not severe, and Plaintiff can sustain a light work capacity. (R. at 68–69.) The ALJ found Dr. Rehrig's RFC assessment of Plaintiff unpersuasive because "the longitudinal record is not consistent with limitation." (R. at 25.)

Even if the ALJ erred in finding Dr. Rehrig's opinion unpersuasive, this error is harmless. At step two, an ALJ may find an impairment nonsevere if "the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290. Dr. Rehrig's report indicates that Plaintiff's

---

[2] The ALJ seems to confuse the reconsideration- and initial-level reports. For example, the ALJ notes that the reconsideration-level report classifies depression and anxiety as severe impairments, but this appears in the initial-level report. (*Compare* R. at 25 *with* R. at 75.) It can be inferred from the content of the ALJ's discussion that he is referring to Dr. Rehrig's reconsideration-level report and related RFC evaluation. (*See* R. at 57–69.)

- 6 -

impairments cause "some" limitation but is not severe enough to constitute a disability. (R. at 69.) If remanded and the ALJ were to find Dr. Rehrig's RFC assessment persuasive, the ALJ's non-severe determination would, in effect, be supported by Dr. Rehrig's assessment that Plaintiff was only minimally limited by her impairments. Remanding for proper consideration of Dr. Rehrig's assessment will not impact the overall outcome of the ALJ's step two analysis and is thus immaterial. *Jerome v. Colvin*, 542 F. App'x 566, 566–567 (9th Cir. 2013) (finding that the ALJ's conflation of severe and non-severe impairments at step four was immaterial to the overall determination, and therefore any error was harmless).

Next, Plaintiff alleges that the ALJ erred in finding Dr. Shekhel's opinion unpersuasive. (Pl. Br. at 16.) Notably, the Plaintiff does not expressly argue that the ALJ lacked substantial evidence to support his determination that Dr. Shekhel's opinion was unpersuasive. Instead, Plaintiff raises two arguments in support of her allegation: (1) the ALJ's decision is erroneous as a matter of public policy (Pl. Br. at 16); and (2) the ALJ commits reversible error by misstating Dr. Shekhel's opinion (Pl. Br. at 17). The Court disagrees with Plaintiff and finds that the ALJ did not err in finding Dr. Shekhel's opinion unpersuasive on the grounds urged by Plaintiff.

First, Plaintiff brings a policy argument, alleging that the ALJ's rejection of Dr. Shekhel's opinion is contrary to the Social Security Act, which requires an individualized assessment of alleged disability. (Pl. Br. at 16–17.) However, this Court is not tasked with reviewing an ALJ's determination for an individualized assessment of the claimant's disability. Rather, the Court is tasked with reviewing an ALJ's determination of a medical opinion for error—that is, a determination unsupported by substantial evidence. *Woods*, 32 F. 4th at 790. Specifically, an ALJ must articulate reasons for how persuasive it finds a medical opinion while considering consistency and supportability factors. *Id.*; 20 C.F.R. § 404.1520c(a). Therefore, the Court does not consider Plaintiff's policy argument.

Second, Plaintiff alleges that the ALJ misstated Dr. Shekhel's comment that "there was nothing except the claimant's reported symptoms to support her statement that she was

too fatigued to work." (*See* Pl. Br. at 17; R. at 27, 1155.) Plaintiff cites *Ramirez* in support of her request to "remand for proper consideration of [Dr. Shekhel's] opinion." (Pl. Br. at 17, citing *Ramirez v. Comm'r of Soc. Sec.*, No. 2:15-CV-1043-CMK, 2016 WL 5469119, at *5 (E.D. Cal. Sept. 29, 2016).) Defendant argues that Plaintiff's reliance on *Ramirez* is inappropriate, because the ALJ did not misstate Dr. Shekhel's opinion. Rather, as Defendant contends, the ALJ's consideration of Dr. Shekhel's statement is a fair representation of Plaintiff's subjective symptom testimony that seemed to form the basis of Dr. Shekhel's opinion. (Def. Br. at 22.) The Court agrees.

In *Ramirez,* the ALJ improperly summarized a doctor's opinion that the claimant had no more than moderate impairments by omitting the doctor's finding of significant impairments, and falsely stating that the doctor opined the claimant's history or testing results were unreliable. *Ramirez*, 2016 WL 5469119, at *5. Here, the Court finds that the ALJ did not misstate the opinion of Dr. Shekhel. Rather, the ALJ refers to Dr. Shekhel's statement to support his finding that Dr. Shekhel's opinion relies solely on Plaintiff's self-reported symptoms, which is further supported by "collective objective findings." (R. at 26–27.) The ALJ's determination is unlike the one in *Ramirez* because the ALJ properly summarized Dr. Shekhel's opinion that Plaintiff has a limited physical capacity to work and must lie down twice a day for two to five hours at a time. (R. at 26.) The ALJ then discussed why these opinions are unsupported by other evidence in the record. While Dr. Shekhel's statement to Dr. Crossley is taken within a specific context to fit the ALJ's discussion, it is supported by other evidence and medical opinions in the record and does not constitute a misstatement. In light of the foregoing evidence and the Ninth Circuit's *de minimis* standard, the Court finds that substantial evidence does support the ALJ determination of non-severity.

**B. The ALJ improperly weighed Plaintiff's fatigue and symptom testimony.**

When evaluating a claimant's pain testimony where the claimant has produced objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully

- 8 -

corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* Thus, while the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, that cannot form the sole basis for discounting the testimony. *Id.* at 681. Unless there is evidence that the claimant is malingering, the ALJ must provide specific, clear, and convincing reasons for rejecting pain testimony associated with the underlying impairment. *Id.* "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). Here, because the ALJ found an underlying impairment, his opinion must meet this standard.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent for the reasons explained in this decision." (R. at 24.) Specifically, the ALJ rejected Plaintiff's testimony because (1) physical examinations and testing found no medical deficits; (2) the medical record generally lacks "observed signs of distress or alertness deficits" that would demonstrate fatigue and pain; and (3) the medical record demonstrates that Plaintiff has "generally intact functioning" with "no signs of ongoing and significant cognitive, memory, attention, or social deficits." (R. at 24–25.) Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's testimony about symptoms of pain and fatigue by solely relying on objective medical evidence in the record. (Pl. Br. at 16.) In response, Defendant argues that the ALJ did rely on evidence other than the medical record by considering the "inconsistencies between Plaintiff's symptom allegations and the record evidence to find Plaintiff's impairments not severe" and properly pointed to other forms of evidence to support his finding. (Def. Br. at 8–11.) The Court agrees that the ALJ properly considered all forms of evidence to find no severe *mental* limitation despite Plaintiff's testimony to the contrary. However, the Court finds that the ALJ did not properly weigh the evidence as to Plaintiff's alleged *physical* limitations of pain and fatigue.

The ALJ erred by not specifying the portions of Plaintiff's testimony that were

inconsistent with the medical evidence in relation to Plaintiff's *physical* limitations. The ALJ merely summarized Plaintiff's reported symptoms and then summarized the medical evidence without making any express connection to Plaintiff's pain and fatigue symptom testimony. (R. at 23, 24.) This is both insufficient and contrary to the Ninth Circuit's instructions. *See Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Garrison*, 759 F.3d at 1014; s*ee also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) (ALJ erred where it "did not elaborate on which daily activities conflicted with which part of claimant's testimony."). Simply stating that the medical findings were "not reflective of any lasting deficits of note" without connecting them to specific testimony is not a clear and convincing reason to discount Plaintiff's symptom testimony about her physical symptoms. (R. at 24.)

Defendant argues that the ALJ pointed out "inconsistencies" between Plaintiff's testimony and the medical evidence, and additionally relied on "Plaintiff's own statements of independent daily activity and conservative treatment." (Def. Br. at 8, 10.) For example, the Defendant argues that the ALJ considered Plaintiff's physical therapy treatment and Plaintiff's testimony indicating improvement through physical rehabilitation. (Def. Br. at 10.) However, the ALJ did no such thing. Rather, the extent of the ALJ's "consideration" of Plaintiff's physical therapy treatment is a quick rejection of the same since "physical therapists are not acceptable medical sources." (R. at 24.) There is no further discussion of the treatment nor any reflection upon Plaintiff's testimony. In fact, there is no citation to Plaintiff's testimony within the ALJ's discussion of Plaintiff's physical limitations.[3] While Defendant argues that Plaintiff testified about improvements in her physical abilities and daily activities (Def. Br. at 11), the ALJ failed to incorporate the same analysis in his determination. In all, the ALJ neglected to document his consideration of any other evidence present in the record, such as Plaintiff's daily activities, course of treatment,

---

[3] The Court notes that the ALJ did discuss Plaintiff's ability to accomplish daily tasks. (R. at 25, citing to R. at 377–80.) However, this reference is entirely in the context of Plaintiff's psychological assessment related to anxiety and depression, not pain and fatigue. *Id*.

improvement in symptoms, and inconsistent statements, thereby failing to support his determination that Plaintiff's physical limitations from pain and fatigue are non-severe impairments.

Defendant correctly argues that it is the ALJ's province to weigh such contradictory evidence and determine whether it supports Plaintiff's testimony. (Def. Br. at 2–3.) But after weighing the evidence, the ALJ must specify the testimony that he rejects. *See Nelson v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08027-PCT-JZB, 2020 WL 1510332, at *3 (D. Ariz. Mar. 30, 2020) ("Indeed, this Court has repeatedly rejected ALJ rationale that discussed medical evidence but provided no connection between that discussion and rejection of claimants' symptom testimony.") Because the ALJ failed to take this critical step, the Court is left with little analysis to evaluate. Accordingly, the Court will remand this matter to the ALJ for further consideration of the record and a disability determination.

**IT IS THEREFORE ORDERED** reversing the April 14, 2020 decision of the Administrative Law Judge, (R. at 17–29), as upheld by the Appeals Council January 25, 2021 (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 30th day of September, 2022.

Honorable John J. Tuchi
United States District Judge